UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TRUJILLO, | Case No. 2:23-cv-01531-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

Plaintiff, represented by counsel, brings this case against defendants under section 1983 for violation of his civil rights, under the Rehabilitation Act, and under Title II of the Americans with Disabilities Act ("ADA"). ECF No. 1 at 3-7. His allegations are insufficient to meet federal pleading standards. I will grant plaintiff leave to amend so that he may correct the deficiencies in his complaint.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he is quadriplegic and that defendants have failed to provide him with adequate care for his condition and accommodations that would enable him to participate in the programs and activities available to other inmates. ECF No. 1 at 3-4. He has named the California Department of Corrections and Rehabilitation ("CDCR") itself, as well as nine members of the medical staff at the California Health Care Facility and 1-10 "Doe" defendants. *Id.* at 3. Plaintiff's allegations are vague and largely fail to provide each defendant with adequate notice of the specific claims against him or her as required by the federal rules of civil procedure. For instance, with respect to plaintiff's ADA claims, he alleges that the CDCR has failed to provide him with an appropriate bed, appropriate medications, competent assistance and custodial care, and accommodations that would allow him to participate in educational, vocational, and recreational programs. *Id.* at 4-5. No details are provided as to how his current bedding or medication is lacking, what custodial care or assistance he is being deprived of, or what programs there may be to which he has been denied access.

As to the individual, non-agency defendants, plaintiff has failed to distinguish how each of them, through actions or inaction, has wronged him. He broadly alleges that all of these defendants "have intentionally or with conscious disregard failed to provide [him] with medical, nursing, and custodial care . . . ." *Id*. at 8. Plaintiff must do more than allege that all defendants are somehow jointly responsible for these shortcomings; he must describe how each is (or was) personally involved in violating his rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted). Adequate pleadings would likely include dates and descriptions of plaintiff's interactions with each of the named defendants. As it stands, the complaint fails to provide these defendants with sufficient notice of the claims against them.

Plaintiff may amend his complaint to correct these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended

Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed.

2. Given that plaintiff is represented by counsel, I find it unnecessary to mail a complaint form. It is recommended, however, that counsel familiarize themselves with this district's local rules, including those relevant to filing an amended complaint.

IT IS SO ORDERED.

Dated:    October 7, 2023                                                            
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

4